RANSIER v. VANORSDOL ET AL.

1. **Evidence**: ALTERATION OF INSTRUMENT. An alteration in a written instrument evidencing an executed contract, by the beneficiary thereunder, for whom the contract has performed its work, will not discharge the other party.

2. ———: ———: RULE APPLIED. The insertion of the name of another party in a bill of sale after its execution and delivery, and after possession of the property has been taken thereunder by the vendee, will not divest him of the right of possession.

*Appeal from Buchanan Circuit Court.*

TUESDAY, DECEMBER 10.

THE plaintiff alleges that he is the absolute owner of one bay mare, of the value of one hundred and twenty-five dollars, and one two-seated sleigh, of the value of sixty dollars; that said property was taken by Vanorsdol, sheriff, under a bill of sale executed by plaintiff to Shadbolt & Boyd, to secure

Ransier v. Vanorsdol.

the payment for goods for which plaintiff might become indebted during the year 1876, in the nominal sum of one thousand dollars; that the debt for which said bill of sale was given as security was fully paid before the property was taken. The plaintiff prays judgment for the delivery of the property, or for its value. The defendant Vanorsdol answered, admitting that he took the property, but alleging that he took it under a bill of sale executed by C. E. Ransier and J. C. Ransier to Shadbolt & Boyd, and averring a want of sufficient knowledge or information of the other allegations of the petition to form a belief. Shadbolt & Boyd were permitted to intervene as parties defendant, and answered, in substance alleging that C. E. Ransier and J. C. Ransier executed to Shadbolt & Boyd the bill of sale in question to secure an indebtedness of said J. C. Ransier, in the sum of one thousand four hundred and thirty-six dollars and sixty-two cents; that J. C. Ransier was the unqualified owner of the property, and the indebtedness, to secure which the bill of sale was given, is due and unpaid; and that Vanorsdol, acting as sheriff, took the property under said bill of sale. The plaintiff replied, alleging that the bill of sale has been altered, since its execution, by interlining and affixing thereto the name of J. C. Ransier, without plaintiff's assent, and denying that the claim against J. C. Ransier is any claim against the plaintiff.

The cause was tried by the court, and the following finding of facts and law was submitted: "I find as a fact that the property in question was taken by the defendant W. S. Vanorsdol, sheriff, upon a bill of sale to Shadbolt & Boyd, executed on the 3d day of March, 1876; that at that time J. C. Ransier was indebted to said Shadbolt & Boyd more than one thousand dollars; that said indebtedness is not fully paid; that said bill of sale was intended as a mortgage, and was given to secure said indebtedness, and for the further purpose of enabling said plaintiff to obtain credit from said Shadbolt & Boyd to carry on the wagon and carriage business at Inde-

pendence; that plaintiff was not indebted to Shadbolt & Boyd at the time said bill of sale was executed; that said Shadbolt & Boyd agreed to extend credit to plaintiff if said bill of sale was given to secure said old indebtedness of J. C. Ransier; that said bill of sale was changed, after it was executed by plaintiff, and delivered to the agent of Shadbolt & Boyd, without the knowledge or consent of plaintiff, by the addition of the name of J. C. Ransier, and by the said J. C. Ransier signing the same and becoming a co-maker. I find there has been paid on the debt, secured on the bill of sale, the sum of one thousand and seventy dollars, by C. E. Ransier.

"I find, as a matter of law, that the change in said instrument by such alteration, and by said J. C. Ransier signing the same as a co-maker, was such a change as to discharge plaintiff from all liability thereon.

"I find also, as a matter of law, that it is immaterial whether J. C. Ransier owned any interest in the property in question at the time said bill of sale was executed. Plaintiff had an unrecorded bill of sale to him from said J. C. Ransier, at the time, of which Shadbolt & Boyd had notice. They derive their title from plaintiff, and cannot now be heard to dispute it."

Pursuant to these findings the court rendered judgment for plaintiff for one hundred and eighty-five dollars. The defendants appeal.

*H. W. Holman*, for appellants.

*C. E. Ransier* and *Lake & Harmon*, for appellee.

DAY, J.—I. The bill of sale was executed in consideration of one thousand dollars. The court found as a fact that J. C. Ransier was indebted to Shadbolt & Boyd more than one thousand dollars, which indebtedness is not fully paid; that the bill of sale was intended as a mortgage to secure said indebtedness, and that there has been paid on the debt secured by the bill of sale the sum of one thousand and seventy dol-

Ransier v. Vanorsdol.

lars. The appellant concedes that if one thousand and seventy dollars has been paid on the debt secured by the bill of sale, the security should be discharged. But it is claimed that this finding of fact by the court is altogether without support from the testimony. We think this position of appellant is correct. It is true C. E. Ransier testifies: "Before the sheriff took the property on that bill I had paid Shadbolt & Boyd every dollar I owed them. That bill of sale was given in the nominal sum of one thousand dollars. I had paid Shadbolt & Boyd one thousand and seventy dollars and fifty cents before the sheriff took the property." Here is evidence sufficient to support a finding that C. E. Ransier had paid all he owed, but the bill of sale was given, as the court finds, to secure an indebtedness of J. C. Ransier. C. E. Ransier, being recalled, testified as follows: "The whole amount that I ordered of Shadbolt & Boyd, on the strength of that bill, was five hundred and some odd dollars. I have paid them. I paid them, in all, one thousand and seventy dollars." It thus appears very clearly, and without any conflict of testimony, that of the one thousand and seventy dollars which C. E. Ransier testifies he paid, a little over five hundred dollars was paid upon a new indebtedness which he created after the bill of sale was executed, leaving but a little over five hundred dollars to apply on the indebtedness of J. C. Ransier, secured by the bill of sale. The finding of the court that one thousand and seventy dollars has been paid on the debt secured by the bill of sale is not supported by the evidence, if the bill of sale was executed to secure an indebtedness of J. C. Ransier. The finding that the bill of sale was executed to secure a debt of J. C. Ransier is sufficiently supported by the evidence.

II. It is urged that the finding of the court that the bill of sale was changed after it was executed and delivered by the addition of the name of J. C. Ransier, without the consent of C. E. Ransier, is not supported by the evidence. Upon this point the evidence was conflicting. There is not such want

of evidence in support of the court's finding that we would be authorized to set the finding aside.

III.   It is urged that the court erred in the finding of law that the change in the bill of sale, by J. C. Ransier's signing the same as co-maker, was such as to discharge plaintiff from all liability thereon.   In the determination of this question it becomes necessary to consider the attitude of the case, and the office which the bill of sale now performs.   The defendants have taken possession of the property described in the bill of sale, and have disposed of it in satisfaction of the debt secured.   They do not need, and they do not ask, any affirmative relief based upon the bill of sale.   All that they need, and all that they ask, is to be protected in the rights which they have acquired.   As to them the contract has been executed.   In 1 Greenleaf on Evidence, § 568, referring to the effect of alterations in instruments, it is said : "But here, also, a further distinction is to be observed between deeds of conveyance and covenants; and, also, between covenants or agreements executed, and those which are still executory. .  For if the grantee of land alter or destroy his title deed, yet his title to the land is not gone.   It passed to him by the deed.   The deed has performed its office as an instrument of conveyance, and its continued existence is not necessary to the continuance of title in the grantee, but the estate remains in him until it has passed to another by some mode of conveyance recognized by the law.   The same principle applies to contracts executed in regard to acts done under them."   See *Davidson v. Cooper*, 11 M. & W. 778; *Kendall v. Kendall*, 12 Allen, 92; *Cheeseman v. Whittemore*, 23 Pick., 231.

In this case the execution and delivery of the bill of sale created a title and right to possession of the property in the defendants.   This possession having been assumed, it may, under the doctrine of the authorities above referred to, be maintained under the bill of sale, notwithstanding the alteration complained of.

1. EVIDENCE: alteration of instrument.

IV.   It is urged that the court erred in the following find-
ing of law: "That it is immaterial whether J. C. Ransier
owned any interest in the property in question at the time
said bill of sale was executed.   Plaintiff had an unrecorded
bill of sale to him from said J. C. Ransier at the time of
which Shadbolt & Boyd had notice.   They derive their title
from plaintiff, and cannot now be heard to dispute it."   Under
the views we have expressed of the case it is unnecessary to
determine as to the correctness of the law contained in this
finding.   Having executed a bill of sale to C. E. Ransier, J.
C. Ransier would be estopped from disputing C. E. Ransier's
ownership of the property.   We have seen that the title, con-
veyed by the bill of sale from C. E. Ransier, may be main-
tained.   J. C. Ransier being estopped from claiming the
property, if the defendants succeed in holding C. E. Ransier's
interest in and title to the property, they need nothing more.

REVERSED.