In the Matter of the **ESTATE OF** Mary BECK, Deceased, Harry Merritt and Lucia Giacomin, Appellants,

v.

**O.K. ENGENE, Executor of the Estate of Mary Beck, Deceased; Marilyn Snider; Billie Snider; David Snider; Ronald Snider; and Dr. Joel Wells, Appellees.**

No. 95–1250.

Supreme Court of Iowa.

Dec. 18, 1996.

Robert K. DuPuy of LaMarca & Landry, P.C., West Des Moines, for appellants.

Nicholas Critelli and Joseph B. Saluri of Nick Critelli Associates, P.C., Des Moines, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

This is an appeal from a summary judgment granted to the defendants in a probate proceeding. The court dismissed the plaintiffs' petition to set aside probate of the decedent's will because the petition was not timely filed. The district court rejected the plaintiffs' claim that due process required that they be given mailed notice of the admission of the will to probate before their action could be barred. We affirm in part, reverse in part, and remand.

## I. *Scope of Review.*

Summary judgment is appropriate under Iowa Rule of Civil Procedure 237 only when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Iowa R. Civ. P. 237(c); *City of West Branch v. Miller,* 546 N.W.2d 598, 600 (Iowa 1996). In ruling upon the motion, the court considers the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any. *City of West Branch,* 546 N.W.2d at 600. No fact question exists if the only dispute concerns the legal consequences flowing from undisputed facts. *Id.* Thus, we examine the record before the district court to decide whether a genuine issue of material fact exists and whether the court correctly applied the law. *Gerst v. Marshall,* 549 N.W.2d 810, 811–12 (Iowa 1996). In doing so, we view the facts in the light most favorable to the party opposing the motion for summary judgment. *Id.* Our review of the constitutional challenge is de novo. *State v. White,* 545 N.W.2d 552, 554 (Iowa 1996).

## II. *Undisputed Background Facts and Proceedings.*

On August 26, 1967, Fred A. Beck executed a will, leaving his entire estate to his wife, Mary M. Beck, for her life. Upon her death, the remainder was to be distributed equally to his legal heirs and her legal heirs. On May 24, 1974, Mary executed a will. She provided that her entire estate was to go to Fred at her death. She made no provision under her will in the event Fred did not survive her. No claim has been made by any of the parties that these wills were joint, mutual, or contractual.

Fred died on October 18, 1992, and his will was admitted to probate in Wayne County, Iowa. O.K. Engene was appointed as executor and he designated William H. Miles as attorney for the estate. In performance of their duties, they secured names and addresses of known heirs of Fred and Mary. Substantial property was held by Fred and Mary in joint tenancy with right of survivorship. The Becks did not have surviving children or grandchildren, parents, or issue of their parents.

By the end of 1992, Mary had developed terminal breast cancer. Early in 1993, one of Mary's neighbors, Marilyn Snider, began taking care of Mary's affairs. Marilyn also

happened to be the mother-in-law of Mary's physician, Dr. Joel Wells. In March, Marilyn obtained Mary Beck's power of attorney. On approximately April 16, Mary executed a new will, prepared by Miles, which revoked the one she had executed in 1974. In this new will, Mary left her entire estate to Marilyn Snider, Billie Snider, David Snider, and Ronald Snider. Engene was named as executor. Mary executed a third and final will on April 23, 1993. This will was the same as the second one, except it added a $10,000 bequest to Dr. Wells.

On August 6, 1993, Mary Beck died. Her April 23 will was admitted to probate on August 11. Engene was appointed as executor and Miles was designated as attorney for Mary's estate. Pursuant to Iowa Code section 633.304 (1993), notice of probate of Mary's estate was published for two consecutive weeks in the *Seymour Herald.* The date of the second publication of notice was August 26. On December 14, Miles mailed notice to each devisee under the will admitted to probate, as required by Iowa Code section 633.304. Although the attorney and executor of Mary's estate knew Harry Merritt was an intestate heir of Fred, and Lucia Giacomin was an intestate heir of Mary, mailed notice of the probate of her will was not sent to them because Engene and Miles did not find they met the definition of heirs entitled to notice under section 633.304 (Supp.1993). Fred's estate remained open.

Based on the notice provisions of Iowa Code sections 633.304 and 633.309, any action to set aside the probate of Mary's will had to be brought within the later to occur of (1) four months from the date of the second publication of notice, or (2) one month from the date of mailing of the notice to the surviving spouse, heirs of the decedent, and devisees under the will.

On October 27, 1994, Merritt and Giacomin filed a petition to set aside the probate of Mary's will. In their petition they alleged that Mary's last will should be set aside because she lacked testamentary capacity and because the will was the result of undue influence.

On April 25, 1995, defendants filed a motion for summary judgment, claiming the action to set aside Mary's will was barred by the limitations provisions of Iowa Code sections 633.304 and 633.309. Plaintiffs resisted the motion. The district court granted summary judgment in favor of the defendants. Plaintiffs then filed a supplemental resistance to defendants' motion for summary judgment and a motion to reconsider. Following the district court's denial of the motion to reconsider, the plaintiffs filed timely notice of appeal. On appeal, plaintiffs contend due process requires they be given written notice of the probate of Mary's will because they are known heirs.

### III. *Notice Under Sections 633.304 and 633.309.*

The dispute in this case focuses on a 1993 amendment to Iowa Code section 633.304. A brief history of the notice and limitations provisions, concerning the probate of a will, will be beneficial to our discussion. Prior to 1989, on admission of a will, the appointed executor was required to publish notice of probate for two consecutive weeks in a newspaper published within the county in which the estate was pending. Iowa Code § 633.304 (1987). The statute had no provision for any type of mailed or actual notice to creditors or heirs. Any action to contest or set aside the will was barred unless filed within four months of the date of second publication. *Id.* § 633.309.

In 1988, the United States Supreme Court decided the case *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). In *Pope,* the Court addressed the question of whether notice to creditors, solely by publication, satisfied the Due Process Clause. The Court held that "if appellant's identity as a creditor was known or reasonably ascertainable, then the Due Process Clause requires that appellant be given notice by mail or other means as certain to ensure actual notice." *Pope,* 485 U.S. at 491, 108 S.Ct. at 1348, 99 L.Ed.2d at 579. This decision greatly expanded the due process rights of creditors in probate proceedings. The Court recognized the state's legitimate interest in the expeditious resolution of probate proceedings and the importance of short time deadlines for filing

claims. The Court also recognized mailed notice as "an inexpensive and efficient mechanism that is reasonably calculated to provide actual notice." *Id.* at 490, 108 S.Ct. at 1347, 99 L.Ed.2d at 578. The Court stated "on balance then, a requirement of actual notice to known or reasonably ascertainable creditors is not so cumbersome as to unduly hinder the dispatch with which probate proceedings are conducted." *Id.*

In 1989, the Iowa legislature responded to the *Pope* decision and amended Iowa Code sections 633.304 and 633.309. 1989 Iowa Acts ch. 35, §§ 3, 5 (codified at Iowa Code §§ 633.304, 633.309 (1991)); *see In re Estate of Weidman,* 476 N.W.2d 357, 364 (Iowa 1991). The amendments made two major changes. First, section 633.304 was amended to require the executor to give mailed notice to interested parties of the time limitation for contesting a will. *See Weidman,* 476 N.W.2d at 363. In relevant part, the amended statute reads as follows:

> On admission of a will to probate, the executor ... shall ... give notice ... by ordinary mail to the surviving spouse, each heir of the decedent and each devisee under the will admitted to probate whose identities are reasonably ascertainable, ....

Iowa Code § 633.304. Second, sections 633.304 and 633.309 were amended to change the time for contesting or setting aside a will to the later to occur of four months from the date of second published notice or one month following the mailing of notice. *See Weidman,* 476 N.W.2d at 363.

In *Weidman,* we discussed the effects of the *Pope* case and the recent amendments to sections 633.304 and 633.309. We concluded that the differences between creditors and heirs-at-law are not great enough to support a different notice rule. *Id.* at 361. Because a will contest action may nullify a will, an executor has little incentive to notify disinherited heirs. An heir is "any person, except the surviving spouse, who is entitled to property of a decedent under the statutes of intestate succession." Iowa Code § 633.3(21). In *Weidman,* we concluded:

> In balancing these considerations against the State's interest in expeditious probate proceedings, we conclude that due process requires an executor to give notice by mail to all known or reasonably ascertainable heirs-at-law of the proceedings and time periods for filing claims.

*Weidman,* 476 N.W.2d at 361.

In 1993, the legislature again reviewed the notice provision of section 633.304 and added the following amendment:

> As used in this section, *"heir"* means only such person as would, in an intestate estate, be entitled to a share under subsection 1, 2, or 3 of section 633.219.

1993 Iowa Acts ch. 111, § 3 (codified at Iowa Code § 633.304 (Supp.1993)). Class 1, 2, and 3 heirs are defined in Iowa Code section 633.219 as follows:

> 1. To the issue of the decedent per stirpes.
>
> 2. If there is no surviving issue, to the parents of the decedent equally; and if either parent is dead, the portion that would have gone to such deceased parent shall go to the survivor.
>
> 3. If there is no person to take under either subsection 1 or 2 of this section, to the issue of the parents or either of them per stirpes....

Issue, for the purpose of intestate succession "includes all lawful lineal descendants of a person, whether natural or adopted, except those who are the lineal descendants of the person's living descendants." *Id.* § 633.3(23). Class 4, 5, and 6 heirs are defined in section 633.219 as follows:

> 4. If there is no person to take under subsection 1, 2, or 3 of this section, but the decedent is survived by one or more grandparents or issue of grandparents, half the estate passes to the paternal grandparents, if both survive, or to the surviving paternal grandparent, or to the issue of the paternal grandparents if both are deceased, the issue taking per stirpes, and the other half passes to the maternal relatives in the same manner; but if there is no surviving grandparent or issue of grandparent on one side, the entire estate passes to the relatives of the other side in the same manner as the half.

5. If there is no person to take under subsection 1, 2, 3, or 4 of this section, the portion uninherited shall go to the issue of the deceased spouse of the intestate, per stirpes. If the intestate has had more than one spouse who died in lawful wedlock, it shall be equally divided between the issue, per stirpes, of those deceased spouses.

6. If there is no person who qualifies under either subsection 1, 2, 3, or 4 of this section, the intestate property shall escheat to the state of Iowa.

Plaintiffs argue the 1993 amendment to section 633.304 merely defines "reasonably ascertainable" heirs, but it does not limit the due process rights of "known" heirs. Because the executor knew they were heirs, plaintiffs claim mailed notice to them was required.

By enacting the 1993 amendment to section 633.304, the legislature clearly intended to limit the heirs who are entitled to mailed notice under the statute. The effect of this amendment limits the scope of inquiry required of an executor when giving mailed notice to heirs in a probate proceeding. However, by its clear language, "as used in this section," the amendment did not alter the manner in which an intestate estate is distributed under section 633.219. The amendment did not alter the constitutional requirement of due process.

### IV. *Due Process.*

The district court sustained the defendants' motion for summary judgment because it believed the plaintiffs' petition was time barred under Iowa Code sections 633.304 and 633.309. Although published notice may satisfy due process requirements as to unknown heirs or heirs that are not reasonably ascertainable, we conclude due process requires executors to give notice by mail to all known or reasonably ascertainable heirs-at-law.

Clearly, Giacomin was a known class 4 heir-at-law of Mary under section 633.219. If Mary died intestate, Giacomin would inherit property of the estate. She was an interested person who could petition to set aside the probate of Mary's will. *See* Iowa Code § 633.308. In contrast, Merritt is an heir-at-law of Fred, making him a class 5 heir of Mary. If Mary died intestate, he would not inherit property of Mary's estate unless there were no persons to take under classes 1, 2, 3, or 4 of Iowa Code section 633.219. Because Giacomin is a class 4 heir, Merritt is not an heir-at-law of Mary's estate entitled to written notice.

### V. *Disposition.*

The statute of limitation provisions of sections 633.304 and 633.309 do not bar Giacomin's petition; therefore, the summary judgment granted to the defendants as to her claim is reversed. Because Merritt was not an heir-at-law of Mary's estate, the summary judgment for the defendants on his claim is affirmed. We remand for further proceedings on Giacomin's petition to set aside Mary's last will.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**