Donald McNERTNEY, as Executor of the Estate of Harold J. McNertney, Appellee,

v.

Thomas KAHLER, Appellant,

Charles McNertney, Intervenor–Appellee.

No. 04–1012.

Supreme Court of Iowa.

Feb. 17, 2006.

Harold W. White of Fitzgibbons Law Firm, Estherville, for appellant.

Eldon J. Winkel, Algona, for appellee.

Thomas W. Lipps of Peterson & Lipps, Algona, for intervenor-appellee.

LAVORATO, Chief Justice.

In this declaratory judgment proceeding, Donald McNertney, as executor of the Estate of Harold J. McNertney, sued Thomas Kahler to have a deed declared invalid. Before he died, the decedent altered the deed by adding Kahler as a grantee and then recorded it. The executor moved for summary judgment, which the district court granted. We affirm.

## I. Scope of Review.

 A party seeking a declaratory judgment is entitled to move for summary judgment. *See* Iowa R. Civ. P. 1.981(1). Under Iowa Rule of Civil Procedure 1.981(3), summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. In ruling upon a motion for summary judgment, the court considers "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." Iowa R. Civ. P. 1.981(3). "No fact question exists if the only dispute concerns the legal consequences flowing from undisputed facts." *In re Estate of Beck v. Engene*, 557 N.W.2d 270, 271 (Iowa 1996). We therefore examine the record before the district court in deciding whether the court correctly applied the law. *Id.*

## II. Facts.

The record before the district court in this case consists of the pleadings and affidavits. Based on this record, we glean the following undisputed facts.

On July 27, 1994, Gerald J. Menke agreed to sell on contract the following described real estate to Harold J. McNertney:

> The East Half of the Southeast Quarter (E½SE¼) of Section Twenty-two (22), Township Ninety-eight (98) North, Range Twenty-nine (29), West of the 5th P.M., Kossuth County, Iowa.

The contract was recorded on August 5, 1994. On the same day, a statement of escrow agent was recorded. The statement was dated July 27, 1994 and stated that an instrument of conveyance (concerning the real estate described above) had been deposited with the escrow agent. The escrow statement provided that the deed was to be delivered to Harold upon full payment of the contract price.

Upon payment of the purchase price, the deed that had been placed in escrow was delivered to Harold. Thereafter he added to the deed after his name as grantee the following: "and Thomas Kahler as joint tenants and not as tenants in common with full rights of survivorship." Harold then recorded the deed and later passed away.

### III. Proceedings.

The executor filed a petition for declaratory judgment in which he alleged all of the above facts. Kahler filed an answer admitting those facts.

In his motion for summary judgment, the executor asked, among other things, that the court declare void the deed naming Kahler as a joint tenant. In the meantime, the district court granted a motion to intervene filed by Charles McNertney, a beneficiary of Harold's estate.

Before the district court ruled on the motion for summary judgment, the intervenor filed an affidavit of attorney Martin W. Peterson. In his affidavit, Peterson stated that in his search of the records of the Kossuth County Recorder's office he located the real estate contract, statement of escrow agent, and warranty deed mentioned in the executor's petition. Peterson attached copies of these documents to his affidavit.

The district court granted the executor's motion for summary judgment. The court ruled that there were no facts in issue and that the only dispute concerned the law. The court concluded that Harold's addition of Kahler's name as a grantee on the deed was a nullity because (1) Harold did not sign the altered deed and (2) Harold made the alteration without the original grantor's knowledge.

Kahler appealed.

### IV. Issues.

Kahler raises two issues. First, he contends the district court erred in granting the motion for summary judgment because it was not supported as required by Iowa Rule of Civil Procedure 1.981. Second, he contends the district court should have denied the motion for summary judgment because the admitted allegations of the petition show that Harold, as grantee, added Kahler as a joint tenant before the deed was recorded.

### V. Analysis.

■ **A. Support for summary judgment motion.** The executor filed a statement of material facts in support of his motion for summary judgment. In that statement, the executor states that the material facts are not in dispute and relies on written findings of fact prepared by attorney Robert A. Dotson, who was appointed by the court to investigate facts pertaining to title to the real estate that is the subject of this proceeding.

In his resistance to the motion for summary judgment, Kahler stated that this statement by Dotson was not in the form of an affidavit and was not made on personal knowledge as required by Iowa Rule of Civil Procedure 1.981(5). On appeal, Kahler again contends that Dotson's statement was not in the form of an affidavit as required by rule 1.981(5). For this reason, Kahler argues, the district court could only look to the admitted allegations in the pleadings, implying that those allegations were not sufficient to allow the district court to rule on the legal issue.

Contrary to Kahler's belief, we think the admitted allegations of the petition, which included the deed in question, were sufficient for the district court to rule on the legal issue. Moreover, Peterson's affidavit provided competent documentary evidence to support those allegations. The district

court properly considered those documents. *See Neoco, Inc. v. Christenson,* 312 N.W.2d 559, 560 (Iowa 1981) (noting that the trial court has discretion to allow late filings on motions for summary judgment).

We conclude the motion for summary judgment was adequately supported. We further conclude the admitted allegations of the petition provided the district court with a record of undisputed facts sufficient to raise the legal question the court decided. We next consider whether the district court correctly decided the legal issue.

■ **B. Addition of Kahler as a grantee.** Kahler contends that Iowa law permits the alteration of the grantee provision of a deed after delivery so long as either the grantor *or* original grantee knew of the change. For reasons that follow we disagree.

■ A deed to be operative as a transfer of real estate must be delivered. 23 Am.Jur.2d *Deeds* § 102, at 141 (2002). "[R]ecording of a deed create[s] a presumption of sufficient delivery and fix[es] the time when the deed became effective." *Schenck v. Dibel,* 242 Iowa 1289, 1292, 50 N.W.2d 33, 35 (1951).

When Harold received the deed from Menke out of escrow and recorded it, we can presume there was sufficient delivery and therefore an effective transfer of Menke's interest to Harold. *See* Iowa Code § 557.3 (2003) ("Every conveyance of real estate passes all the interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used."). Therefore, once title passed to Harold, Menke could no longer transfer any interest in the property to Kahler because he had no such interest to convey. The only way that Harold could convey his interest to Kahler would be by a conveyance recognized by the law. Therefore the addition of Kahler's name to the grantee portion of the deed was a nullity.

Our analysis is supported by this passage in *Ransier v. Vanorsdol*:

> For if the grantee of land alter or destroy his title deed, yet his title to the land is not gone. It passed to him by the deed. The deed has performed its office as an instrument of conveyance, and its continued existence is not necessary to the continuance of title in the grantee, but the estate remains in him until it has passed to another by some mode of conveyance recognized by the law.

50 Iowa 130, 134 (1878). To the same effect is the following opinion found in *Marshall's Iowa Title Opinions and Standards:*

> It would seem that the act of a grantee in striking out his name and substituting that of another before recording a deed is a material alteration and would void the instrument. It would have been a simple matter for the original purchaser to record the deed and execute another instrument to the intended substitute.

George F. Madsen, *Marshall's Iowa Title Opinions and Standards* § 4.2(C), at 97 (2d ed. 1978).

**VI. Disposition.**

In sum, based on the undisputed facts in this record, we conclude the addition of Kahler's name as a grantee in the deed was not effective to transfer Harold's interest in the property to Kahler. The district court was therefore correct in not only considering the motion for summary judgment, which we conclude was adequately supported, but also in granting it. We therefore affirm the court's ruling.

We have considered all of the contentions and arguments of the parties. Those

we have not addressed we find lack merit or were not properly preserved.

**AFFIRMED.**