IN THE SUPREME COURT OF IOWA

 No. 136 / 04-1012

 Filed February 17, 2006

DONALD MCNERTNEY, as Executor of the Estate of HAROLD J. MCNERTNEY,

 Appellee,

vs.

THOMAS KAHLER,

 Appellant,

CHARLES MCNERTNEY,

 Intervenor-Appellee.

 Appeal from the Iowa District Court for Kossuth County, Don E.
Courtney, Judge.

 Defendant appeals summary judgment ruling that concluded deed
alteration purporting to make defendant a grantee was a nullity. AFFIRMED.

 Harold W. White of Fitzgibbons Law Firm, Estherville, for appellant.

 Eldon J. Winkel, Algona, for appellee.

 Thomas W. Lipps of Peterson & Lipps, Algona, for intervenor-appellee.

LAVORATO, Chief Justice.
 In this declaratory judgment proceeding, Donald McNertney, as
executor of the Estate of Harold J. McNertney, sued Thomas Kahler to have a
deed declared invalid. Before he died, the decedent altered the deed by
adding Kahler as a grantee and then recorded it. The executor moved for
summary judgment, which the district court granted. We affirm.
 I. Scope of Review.
 A party seeking a declaratory judgment is entitled to move for summary
judgment. See Iowa R. Civ. P. 1.981(1). Under Iowa Rule of Civil
Procedure 1.981(3), summary judgment is appropriate only when no genuine
issue of material fact exists and the moving party is entitled to a
judgment as a matter of law. In ruling upon a motion for summary judgment,
the court considers “the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the affidavits, if
any.” Iowa R. Civ. P. 1.981(3). “No fact question exists if the only
dispute concerns the legal consequences flowing from undisputed facts.” In
re Estate of Beck v. Engene, 557 N.W.2d 270, 271 (Iowa 1996). We therefore
examine the record before the district court in deciding whether the court
correctly applied the law. Id.
 II. Facts.
 The record before the district court in this case consists of the
pleadings and affidavits. Based on this record, we glean the following
undisputed facts.
 On July 27, 1994, Gerald J. Menke agreed to sell on contract the
following described real estate to Harold J. McNertney:

 The East Half of the Southeast Quarter (E½SE¼) of Section Twenty-two
 (22), Township Ninety-eight (98) North, Range Twenty-nine (29), West
 of the 5th P.M., Kossuth County, Iowa.

The contract was recorded on August 5, 1994. On the same day, a statement
of escrow agent was recorded. The statement was dated July 27, 1994 and
stated that an instrument of conveyance (concerning the real estate
described above) had been deposited with the escrow agent. The escrow
statement provided that the deed was to be delivered to Harold upon full
payment of the contract price.
 Upon payment of the purchase price, the deed that had been placed in
escrow was delivered to Harold. Thereafter he added to the deed after his
name as grantee the following: “and Thomas Kahler as joint tenants and not
as tenants in common with full rights of survivorship.” Harold then
recorded the deed and later passed away.
 III. Proceedings.
 The executor filed a petition for declaratory judgment in which he
alleged all of the above facts. Kahler filed an answer admitting those
facts.
 In his motion for summary judgment, the executor asked, among other
things, that the court declare void the deed naming Kahler as a joint
tenant. In the meantime, the district court granted a motion to intervene
filed by Charles McNertney, a beneficiary of Harold’s estate.
 Before the district court ruled on the motion for summary judgment,
the intervenor filed an affidavit of attorney Martin W. Peterson. In his
affidavit, Peterson stated that in his search of the records of the Kossuth
County Recorder’s office he located the real estate contract, statement of
escrow agent, and warranty deed mentioned in the executor’s petition.
Peterson attached copies of these documents to his affidavit.
 The district court granted the executor’s motion for summary
judgment. The court ruled that there were no facts in issue and that the
only dispute concerned the law. The court concluded that Harold’s addition
of Kahler’s name as a grantee on the deed was a nullity because (1) Harold
did not sign the altered deed and (2) Harold made the alteration without
the original grantor’s knowledge.
 Kahler appealed.
 IV. Issues.
 Kahler raises two issues. First, he contends the district court
erred in granting the motion for summary judgment because it was not
supported as required by Iowa Rule of Civil Procedure 1.981. Second, he
contends the district court should have denied the motion for summary
judgment because the admitted allegations of the petition show that Harold,
as grantee, added Kahler as a joint tenant before the deed was recorded.
 V. Analysis.
 A. Support for summary judgment motion. The executor filed a
statement of material facts in support of his motion for summary judgment.
In that statement, the executor states that the material facts are not in
dispute and relies on written findings of fact prepared by attorney Robert
A. Dotson, who was appointed by the court to investigate facts pertaining
to title to the real estate that is the subject of this proceeding.
 In his resistance to the motion for summary judgment, Kahler stated
that this statement by Dotson was not in the form of an affidavit and was
not made on personal knowledge as required by Iowa Rule of Civil Procedure
1.981(5). On appeal, Kahler again contends that Dotson’s statement was not
in the form of an affidavit as required by rule 1.981(5). For this reason,
Kahler argues, the district court could only look to the admitted
allegations in the pleadings, implying that those allegations were not
sufficient to allow the district court to rule on the legal issue.
 Contrary to Kahler’s belief, we think the admitted allegations of the
petition, which included the deed in question, were sufficient for the
district court to rule on the legal issue. Moreover, Peterson’s affidavit
provided competent documentary evidence to support those allegations. The
district court properly considered those documents. See Neoco, Inc. v.
Christenson, 312 N.W.2d 559, 560 (Iowa 1981) (noting that the trial court
has discretion to allow late filings on motions for summary judgment).
 We conclude the motion for summary judgment was adequately supported.
We further conclude the admitted allegations of the petition provided the
district court with a record of undisputed facts sufficient to raise the
legal question the court decided. We next consider whether the district
court correctly decided the legal issue.
 B. Addition of Kahler as a grantee. Kahler contends that Iowa law
permits the alteration of the grantee provision of a deed after delivery so
long as either the grantor or original grantee knew of the change. For
reasons that follow we disagree.
 A deed to be operative as a transfer of real estate must be delivered.
 23 Am. Jur. 2d Deeds § 102, at 141 (2002). “[R]ecording of a deed
create[s] a presumption of sufficient delivery and fix[es] the time when
the deed became effective.” Schenck v. Dibel, 242 Iowa 1289, 1292, 50
N.W.2d 33, 35 (1951).
 When Harold received the deed from Menke out of escrow and recorded
it, we can presume there was sufficient delivery and therefore an effective
transfer of Menke’s interest to Harold. See Iowa Code § 557.3 (2003)
(“Every conveyance of real estate passes all the interest of the grantor
therein, unless a contrary intent can be reasonably inferred from the terms
used.”). Therefore, once title passed to Harold, Menke could no longer
transfer any interest in the property to Kahler because he had no such
interest to convey. The only way that Harold could convey his interest to
Kahler would be by a conveyance recognized by the law. Therefore the
addition of Kahler’s name to the grantee portion of the deed was a nullity.
 Our analysis is supported by this passage in Ransier v. Vanorsdol:

 For if the grantee of land alter or destroy his title deed, yet his
 title to the land is not gone. It passed to him by the deed. The
 deed has performed its office as an instrument of conveyance, and its
 continued existence is not necessary to the continuance of title in
 the grantee, but the estate remains in him until it has passed to
 another by some mode of conveyance recognized by the law.

50 Iowa 130, 134 (1878). To the same effect is the following opinion found
in Marshall’s Iowa Title Opinions and Standards:

 It would seem that the act of a grantee in striking out his name and
 substituting that of another before recording a deed is a material
 alteration and would void the instrument. It would have been a simple
 matter for the original purchaser to record the deed and execute
 another instrument to the intended substitute.

George F. Madsen, Marshall’s Iowa Title Opinions and Standards § 4.2(C), at
97 (2d ed. 1978).
 VI. Disposition.
 In sum, based on the undisputed facts in this record, we conclude the
addition of Kahler’s name as a grantee in the deed was not effective to
transfer Harold’s interest in the property to Kahler. The district court
was therefore correct in not only considering the motion for summary
judgment, which we conclude was adequately supported, but also in granting
it. We therefore affirm the court’s ruling.
 We have considered all of the contentions and arguments of the
parties. Those we have not addressed we find lack merit or were not
properly preserved.
 Affirmed.